**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Data Sales Co., Inc., | Civil No. 25-cv-04126 (LMP/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Radium Ltd., | |
| Defendant. | |

This matter is before the Court pursuant to the Defendant Radium Ltd.'s motion for stay of proceedings. (Dkt. 25.) Radium requests this Court stay proceedings in this case until a breach determination is made in an underlying state court action in North Carolina. *See Data Sales Co. Inc. v. Radium Cloud, Inc.*, Case no. 25CV009776-310 (N.C. Super.) ("State Court Action"). (*See id.* at 4.) Plaintiff Data Sales Co., Inc. does not oppose Radium's motion. (Dkt. 33.)

A district court has inherent authority "to control its docket when facing concurrent state and federal litigation." *Contrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) (citing *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990)). As a part of that authority, district courts may temporarily stay cases "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Courts may also halt a federal action "due to the presence of a concurrent state proceeding[.]" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). This gives the courts the opportunity to avoid the possibility of "reach[ing] conflicting opinions on the same issues" and creating

1

"unwarranted friction between state and federal courts." *Spectra Commc'ns Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015).

Here, in this action, the Court finds that a temporary stay to these proceedings serves the interests of both judicial economy and justice. Data Sales seeks to recover from Radium based on an alleged default on a lease that Radium guaranteed. (*See generally*, Compl., Dkt. 1.) The state court action, which Data Sales filed first, involves litigating whether the underlying lease was breached. (*See* Voelbel Decl. Ex. A, Dkt. 28.) Data Sales cannot prevail on its guaranty claim in this action if it does not first establish a breach of the lease. And if the state court determines that there was no breach of the underlying lease, then Data Sales' guaranty claim before this Court must also fail.

In the interest of judicial economy and because justice will be best served by allowing the state court action to resolve before this action proceeds, thereby substantially narrowing the matters in dispute, **IT IS HEREBY ORDERED THAT:**

1. Radium's Motion for Stay of Proceedings (Dkt. 25) is **GRANTED**;

2. this matter is **STAYED**; and

3. the parties shall provide the Court with a joint status update on the progression of the State Court Action on August 31, 2026, and every 4 months thereafter until the State Court Action concludes.

Dated: April 20, 2026                   *Shannon G. Elkins*
                                        SHANNON G. ELKINS
                                        United States Magistrate Judge